IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRACEY PARSON** and | : | |
| **KIDDIE KARE CHILD CARE &** | : | **CIVIL ACTION** |
| **EDUCATION CENTER, INC.,** | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CLEAR CHANNEL** | : | |
| **COMMUNICATIONS, INC., et al.,** | : | **No. 11-7289** |
| **Defendants.** | : | |

<u>MEMORANDUM</u>

**Schiller, J.**                                                                                      **May 3, 2012**

Tracey Parson claims that Tarsha Jones, a Philadelphia radio personality, made false accusations about her and Kiddie Kare Child Care & Education Center, Inc. ("Kiddie Kare"), which Parson owns and operates. Parson and Kiddie Kare filed a lawsuit in Pennsylvania state court against Jones, Clear Channel Communications, Inc. ("Clear Channel"), and Capstar Radio Operating Company ("Capstar"). Defendants removed the matter to this Court based on diversity jurisdiction. Plaintiffs then moved to remand the case to state court, contending that complete diversity of citizenship is lacking. The Court held oral argument on April 13, 2012. For the following reasons, the Court grants the motion to remand.

I.      **BACKGROUND**

A.      **Procedural History**

Defendant Parson is the founder and president of Kiddie Kare, a daycare provider with several locations in Philadelphia. (Compl. ¶¶ 1-2.) On October 14, 2011, Parson's 14-year-old daughter was involved in a fight with a group of girls at her school. (*Id.* ¶¶ 12-13.) The mother of

one of the girls reportedly participated in a subsequent attack against another girl, inflicting serious injuries. (*Id.* ¶¶ 15-18.) At the time, Defendant Jones hosted a radio show called "Jonesy in the Morning" on Power 99, a station owned by Defendant Clear Channel and one of its subsidiaries, Defendant Capstar. (*Id.* ¶¶ 3-4, 6.) For purposes of diversity jurisdiction, Clear Channel is a citizen of Texas, Capstar is a citizen of Delaware and Texas, and Jones is a citizen of New Jersey. (Notice of Removal ¶¶ 7-9.) According to the Complaint, Jones aired calls on her show from listeners identifying Parson as the mother who participated in the attack and noting her connection to Kiddie Kare. (Compl. ¶¶ 54-63.) In addition, Jones allegedly made comments about Parson on her Power 99 Facebook page. (*Id.* ¶¶ 71-82.) As a result of these statements, Parson received death threats, and Kiddie Kare's facilities were vandalized. (*Id.* ¶ 96.) Kiddie Kare's business also declined, causing Parson to close one of the locations. (*Id.* ¶ 98.)

On November 21, 2011, Plaintiffs filed a lawsuit against Defendants in the Philadelphia County Court of Common Pleas, alleging defamation and other state-law claims. Defendants removed the case to this Court based on diversity jurisdiction and averred in the notice of removal that "Parson is a citizen of the Commonwealth of Pennsylvania for diversity purposes." (Notice of Removal ¶ 5.) Plaintiffs moved to remand the case, asserting that the Court lacks subject matter jurisdiction because Parson, like Jones, is actually a citizen of New Jersey. By Order dated January 18, 2012, the Court granted Defendants leave to conduct expedited jurisdictional discovery regarding Parson's citizenship. After the close of discovery, the parties filed supplemental briefs in support of their positions, and the Court held oral argument on April 13, 2012.

**B.      Parson's Ties to Pennsylvania and New Jersey**

Parson was born and raised in Philadelphia. (Decl. of Charles L. Rombeau in Further Opp'n

to Pls.' Mot. to Remand [Rombeau Decl.] Ex. A [T. Parson Dep.] at 82-83.) As an adult, she lived

for periods of time in New Jersey and Delaware but returned to Philadelphia in August 2005.

(Rombeau Decl. Ex. B [Parson Aff.] ¶ 4; T. Parson Dep. at 101-02.) Between 2005 and 2007, Parson

formed several businesses under Pennsylvania law, which are still active with the Pennsylvania

Department of State. (Rombeau Decl. Exs. P-W [Pa. Dep't of State Records for Nursing on Demand

Entities].) In March 2008, Parson formed Plaintiff Kiddie Kare as a Pennsylvania corporation.

(Rombeau Decl. Exs. AA-BB [Pa. Dep't of State Records for Kiddie Kare].) She formed two

additional Pennsylvania corporations, Kiddie Kare Early Learning Academy, Inc. and Kiddle Kare

Management Corporation, in 2011. (Rombeau Decl. Exs. CC-EE [Pa. Dep't of State Records for

Kiddie Care Entities].)

In December 2008, Parson and her four children moved into a house in Sicklersville, New

Jersey. (T. Parson Dep. at 110.) In October 2010, they moved into a larger house in Sicklersville,

where they currently reside. (*Id.* at 114-15; Pls.' Supplemental Mem. of Law in Supp. of Mot. for

Remand for Lack of Diversity Jurisdiction [Pls.' Supplemental Br.] Ex. C [2010-2011 Lease]; Pls.'

Supplemental Br. Ex. D [2011-12 Lease].) Parson rents her house, but she intends to purchase the

property. (T. Parson Dep. at 123, 128-29.) Parson has furnished the home and installed an above-

ground pool on the property. (*Id.* at 125-28.) She submitted a New Jersey state income tax return in

2010. (Pls.' Supplemental Br. Ex. M [2010 New Jersey Income Tax Return]; T. Parson Dep. at

289-91.) Parson's personal checks list a New Jersey address, and her checking account statements

include daily transactions in New Jersey, although she opened the account from a branch in

Philadelphia. (Pls.' Supplemental Br. Ex. N [Voided Personal Check]; Pls.' Supplemental Br. Ex.

O [Checking Account Statements]; T. Parson Dep. at 287-88.) Parson filed for divorce in New Jersey

3

in September 2011. (Checking Account Statements; Pls.' Supplemental Br. Ex. P [Notice of Default Hearing].)

After moving to New Jersey, Parson maintained significant ties to Pennsylvania. Two of Parson's three school-aged children attend Philadelphia public schools. (Parson Aff. ¶¶ 20-22.) Parson listed Philadelphia addresses for herself and her children on school paperwork and did not pay nonresident tuition. (Rombeau Decl. Exs. L-M [School Paperwork]; T. Parson Dep. at 238-39.) Parson's mother lives in Philadelphia and cares for Parson's children every day after school. (Rombeau Decl. Ex. JJ [L. Parson Dep.] at 59, 106-07.) Parson kept her Pennsylvania driver's license and did not obtain a New Jersey driver's license until after this lawsuit was filed. (Rombeau Decl. Ex. MM [Pennsylvania Driver's License]; Pl.'s Supplemental Br. Ex. Q [New Jersey Driver's License].) Parson voted in Philadelphia for the 2008 presidential election and, at the time this lawsuit was filed, had not registered to vote in New Jersey. (T. Parson Dep. at 245-46.) In her deposition, Parson referred to the Pennsylvania House District where Kiddie Kare is located and Parson's mother resides as "our district." (*Id.* at 237-38.) She works Monday through Friday from 7:00 a.m. to 6:00 p.m. at the Kiddie Kare office in Philadelphia and does not conduct any business in New Jersey. (*Id.* at 33, 130-32.) All of Parson's doctors are located in Philadelphia, although she once sought emergency medical treatment in New Jersey. (*Id.* at 249.) Parson attends church services in both New Jersey and Philadelphia. (*Id.* at 242; Rombeau Decl. Ex. H [Supplemental Interrog. Resps].)

Parson's daughter listed her grandmother's Philadelphia address to apply for a driving permit in 2011. (T. Parson Dep. at 292.) When asked whether she was aware that her daughter had used the address, Parson testified, "I'm sure that she would have. . . . [M]y mother's address is just a stable

4

address. There would be no other address that she would use but my mother's address. We move around a lot." (*Id.* at 292-93.) She went on to say that, although she would not have considered her New Jersey address stable four years ago, "today, I can tell you that New Jersey is a stable address for me." (*Id.* at 294.)

## II.    STANDARD OF REVIEW

District courts have jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. There must be complete diversity of citizenship, meaning "no plaintiff can be a citizen of the same state as any of the defendants." *Grand Union Supermkts. of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003). A state-court defendant may remove a case if the plaintiff could originally have brought the action in federal court. 28 U.S.C. § 1441(a). The removing defendant bears the burden of establishing jurisdiction. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). District courts construe the removal statute strictly, resolving all doubts in favor of remand. *Id.*

## III.   DISCUSSION

The parties dispute whether Parson is a citizen of Pennsylvania or New Jersey. This Court has subject matter jurisdiction over the case only if Parson is a citizen of Pennsylvania. "Citizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006) (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)). Thus, domicile has two components: "an objective

5

physical presence in the state" and "a subjective intention to remain there indefinitely." *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). The citizenship of the parties is "based on the relevant facts at the time the complaint was filed." *Id.* To aid in determining a party's domicile, courts consider factors including declarations, exercise of political rights, payment of personal taxes, residence, place of business, location of bank accounts, location of family members, membership in organizations, driver's license, and vehicle registration. *McCann*, 458 F.3d at 286.

"An individual can change domicile instantly." *Id.* at 286. However, there is "a presumption favoring an established domicile over a new one." *Id.* at 286-87. "When the party claiming a new domicile is the opponent of federal jurisdiction," that party "bears the initial burden of producing sufficient evidence to rebut the presumption in favor of the established domicile." *Id.* at 288. Once the party opposing federal jurisdiction has produced "enough evidence substantiating a change to withstand a motion for summary judgment or judgment as a matter of law on the issue," the presumption disappears and the party asserting federal jurisdiction bears the burden of proving diversity by a preponderance of the evidence. *Id.*

Plaintiffs do not dispute that they bear the initial burden of producing evidence sufficient to rebut the presumption of Parson's continued domicile in Pennsylvania. While Defendants argue that Plaintiffs have not met this burden, the evidence in the record—which includes the deposition testimony of Parson and her mother, interrogatory responses, and documents produced by Parson—raises a genuine issue of fact as to Parson's domicile. The presumption of continued domicile in Pennsylvania therefore disappears, and Defendants bear the burden of proving diversity.

The parties agree that Parson was a resident of New Jersey at the inception of this lawsuit. Thus, the critical issue is whether Parson intends to remain in New Jersey indefinitely. At the time

6

the Complaint in this case was filed, Parson had been living New Jersey for nearly three years, but she continued to conduct many of her personal and business activities in Pennsylvania. Indeed, Parson often held herself out as a Philadelphia resident to take advantage of certain privileges of Pennsylvania citizenship, including public schooling for her children. However, "subject matter jurisdiction can never be created by estoppel, even as a sanction for conduct." *Rubin v. Buckman*, 727 F.2d 71, 72 (3d Cir. 1984). Thus, the propriety of Parson's behavior is not relevant to the issue of her citizenship.

Weighing the available evidence, the Court concludes that Parson was a citizen of New Jersey when the Complaint was filed in November 2011. Although Parson spends most of her days in Philadelphia, she returns home to New Jersey every night with her children. She has made improvements to the house she rents and has expressed her desire to purchase the property in the future. Under the circumstances, Parson's continued ties to Philadelphia do not negate her apparent intention to remain in New Jersey indefinitely. Moreover, any uncertainties should be resolved in favor of remand. *Boyer*, 913 F.2d at 111. Defendants have not met their burden of proving by a preponderance of the evidence that Parson is a citizen of Pennsylvania. Accordingly, the Court lacks subject matter jurisdiction over this action.

## IV.    CONCLUSION

Because Parson is a citizen of New Jersey, complete diversity of citizenship is lacking, and Plaintiffs' motion to remand is granted. An Order consistent with this Memorandum will be docketed separately.